# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

**99 - 00366** CASE NO. CR - LENARD

|  |  |
|---|---|
| 18 U.S.C. § 371 | MAGISTRATE JUDGE |
| 18 U.S.C. § 472 | TURNOFF |
| 18 U.S.C. § 492 | |
| 18 U.S.C. § 982 | |
| 18 U.S.C. § 1956(a)(1)(B)(i) | |
| 18 U.S.C. § 1956(h) | |
| 18 U.S.C. § 1957 | |
| 18 U.S.C. § 2314 | |
| 18 U.S.C. § 2 | |

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

MARIN SPARIOSU
  a/k/a Tony Marin
  a/k/a Tony Marino
  a/k/a Tony Gambino,
HARRIS SPERBER,
PAUL HABERMAN,
JONATHAN KRANZLER,
GEORGE VEGA,
NATHAN HALL
  a/k/a "Junior"
  a/k/a "J.R.,"
DEBBIE PIEDRA,
SUYAPA ELMADY,
FAIZ ELMADY,
CIRO MARTINEZ
and
JON TAMAS,

        Defendants.

_____/

## INDICTMENT

    The Grand Jury charges that:

## COUNT 1

### (CONSPIRACY: 18 U.S.C. § 1956(h))

From in or about October of 1995, and continuing to in or about August of 1996, the exact

dates being unknown to the Grand Jury, at Dade County, in the Southern District of Florida, and

elsewhere, the defendants,

**MARIN SPARIOSU**
**a/k/a Tony Marin**
**a/k/a Tony Marino**
**a/k/a Tony Gambino,**
**HARRIS SPERBER,**
**PAUL HABERMAN,**
**JONATHAN KRANZLER**
**and**
**GEORGE VEGA,**

did knowingly and willfully combine, conspire, confederate, agree and reach a tacit understanding,

with persons known and unknown to the Grand Jury, to commit offenses against the United States,

including:

a)       to knowingly conduct and attempt to conduct financial transactions affecting interstate

and foreign commerce, which involved the proceeds of a specified unlawful activity, that is the

possession of narcotics with the intent to distribute, contrary to Title 21, United States Code, Section

841, knowing that the transactions were designed in whole and in part to conceal and disguise the

nature, location, source, ownership and control of said proceeds and knowing that the property

involved in the financial transactions represented the proceeds of some form of unlawful activity, in

violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), and

b)       to knowingly engage and attempt to engage in monetary transactions by, through or

to a financial institution, affecting interstate and foreign commerce, in criminally derived property of

2

a value greater than $10,000, with such property having been derived from a specified unlawful activity, that is, the possession of narcotics with the intent to distribute, as defined in Title 21, United States Code, Section 841, and in violation of Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT 2

### (CONSPIRACY: 18 U.S.C. § 371)

From in or about January of 1996 and continuing to in or about October of 1997, the exact dates being unknown to the Grand Jury, at Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**MARIN SPARIOSU**
**a/k/a Tony Marin**
**a/k/a Tony Marino**
**a/k/a Tony Gambino,**
**HARRIS SPERBER,**
**FAIZ ELMADY,**
**NATHAN HALL**
**a/k/a "Junior"**
**a/k/a "J.R.,"**
**DEBBIE PIEDRA,**
**CIRO MARTINEZ,**
**SUYAPA ELMADY**
**and**
**JON TAMAS,**

did knowingly and willfully combine, conspire, confederate, agree, and reach a tacit understanding with persons known and unknown to the Grand Jury, to commit offenses against the United States, specifically:

(a)      to possess and to conceal falsely made, forged and counterfeited obligations of the United States with the intent to defraud,  in violation of Title 18, United States Code, Section 472,

3

(b)      to devise a scheme and artifice to defraud, and for obtaining money and property, that is, gold coins, by means of false and fraudulent pretenses, representation and promises, and to induce individuals to travel in interstate commerce in the execution of the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 2314, and

(c)      to transport in interstate commerce goods and money of the value of $5,000 or more, that is, gold coins, knowing the same to have been stolen, converted and taken by fraud, in violation of Title 18, United States Code, Section 2314.

## A.   OBJECT AND PURPOSE

It was the object and the purpose of this conspiracy for the defendants to unjustly enrich themselves by manufacturing counterfeit United States currency for the purpose of fraudulently obtaining gold coins from individuals who believed the currency to be genuine and to otherwise possess counterfeit United States currency with the intent to defraud.

## B.   MANNER AND MEANS

Among the manner and means used to achieve the unlawful objectives of the conspiracy were the following:

1.      **MARIN SPARIOSU** would negotiate to obtain possession of approximately $25,000,000 in United States currency in the form of genuine $100 United States Federal Reserve Notes (hereinafter referred to as "FRN's") from a Canadian drug trafficker in order to launder the money so as to conceal the true owner and source of the currency.

2.      **MARIN SPARIOSU** and **HARRIS SPERBER** would recruit **GEORGE VEGA**, **PAUL HABERMAN** and **JONATHAN KRANZLER** to participate in the money laundering

4

scheme to supply gold coins that could be exchanged for portions of the $25,000,000 in narcotics proceeds.

3.    After having attempted and failed to obtain the narcotics proceeds from the Canadian drug trafficker, **MARIN SPARIOSU** would recruit **DEBBIE PIEDRA** and **JON TAMAS** to print approximately $25,000,000 in counterfeit FRN's.

4.    **MARIN SPARIOSU** would falsely display and represent the counterfeit FRN's to be the $25,000,000 received from the Canadian drug trafficker in order to convince **HARRIS SPERBER, GEORGE VEGA, PAUL HABERMAN** and **JONATHAN KRANZLER** that he was prepared to complete the money laundering scheme.

5.    **GEORGE VEGA, PAUL HABERMAN** and **JONATHAN KRANZLER**, in furtherance of their agreement to participate in the money laundering scheme, would obtain gold coins in order to exchange it for portions of the $25,000,000.

6.    **HARRIS SPERBER**, after retrieving gold coins from **GEORGE VEGA** and giving them to **MARIN SPARIOSU**, would learn of the scheme to fraudulently employ counterfeit FRN's in place of the narcotics proceeds, and thereafter would supervise, protect and provide intelligence to the conspiratorial members to assist and profit from their scheme to fraudulently acquire gold coins.

7.    **NATHAN HALL** would take gold coins provided by **PAUL HABERMAN** and **JONATHAN KRANZLER** and, along with **FAIZ ELMADY**, would assist **MARIN SPARIOSU** in converting the gold coins into cash for distribution amongst the conspiratorial members.

5

8.     **SUYAPA ELMADY** would receive and deposit into her bank account portions of the profits generated by the sale of the gold coins  and subsequently assist in distributing the fraudulently obtained proceeds amongst the conspiratorial members.

9.     After obtaining profits from the sale of the gold coins, **MARIN SPARIOSU** would continue to possess the counterfeit FRN's for the purpose of recruiting **CIRO MARTINEZ** and others to pass, utter and exchange the counterfeit FRN's.

10.     **CIRO MARTINEZ** would take possession of samples of the counterfeit money in order to recruit individuals who were willing to pass, utter or sell the counterfeit money in a fraudulent manner for the benefit of the conspiratorial members.

## C.   OVERT ACTS

In furtherance of the conspiracy described herein, the defendants committed one or more of the following overt acts, among others, in the Southern District of Florida.

1.     On or about February 8, 1996, **DEBBIE PIEDRA** purchased an AB-Dick offset printing press machine, model number 9820, serial number 000791, for the purchase price of $13,845, from a company in Dade County called Larry and Associates.

2.     On or about February 9, 1996, **DEBBIE PIEDRA** entered into a rental agreement for a warehouse located at 8801 S.W. 129th Street, Bay #1, Miami, Florida.

3.     From on or about February 15, 1996, to on or about March 1, 1996, **MARIN SPARIOSU, DEBBIE PIEDRA** and **JON TAMAS** commenced manufacturing counterfeit United States currency in the form of $100 FRN's.

4.      On or about May 11, 1996, **MARIN SPARIOSU** took possession of gold Chinese Panda coins and gold South African Krugerand coins worth approximately $1,200,000 from **HARRIS SPERBER** who had obtained the coins on that same day from **GEORGE VEGA**.

5.      On or about May 11, 1996, **SUYAPA ELMADY** and **FAIZ ELMADY** took possession of gold Chinese Panda coins and gold South African Krugerand coins worth approximately $1,200,000 from **MARIN SPARIOSU**.

6.      On or about May 11, 1996, **MARIN SPARIOSU** gave **HARRIS SPERBER** $3,000,000 in counterfeit United States FRN's to deliver to **GEORGE VEGA**.

7.      On or about May 31, 1996, **NATHAN HALL**, while in the State of Virginia, delivered to a prospective buyer named Douglas Parent a portion of the gold coins that had originally been given to **HARRIS SPERBER** by **GEORGE VEGA**.

8.      On or about June 4, 1996, **FAIZ ELMADY** deposited a $282,535 check from Douglas Parent in payment for the purchase of the gold coins that had been shown to Douglas Parent by **NATHAN HALL** in Virginia.

9.      On or about June 27, 1996, **SUYAPA ELMADY** deposited $150,000 cash into account #30035914906 at the International Bank of Miami.

10.     On or about July 12, 1996, **SUYAPA ELMADY** issued check #176 in the amount of $34,000 made payable to **NATHAN HALL** from account #30035914906 at the International Bank of Miami.

11.     On or about July 13, 1996, **NATHAN HALL** took gold Krugerand coins worth approximately $409,000 from **JONATHAN KRANZLER** and **PAUL HABERMAN** in Miami-Dade County without their permission.

7

12.     On or about August 5, 1996, **MARIN SPARIOSU** and **HARRIS SPERBER** held a meeting at the home of **MARIN SPARIOSU** to coordinate a response to demands by **JONATHAN KRANZLER** and **PAUL HABERMAN**. for the return of the gold coins that had been taken from **PAUL HABERMAN** by **NATHAN HALL**.

13.     On or about September 3, 1996, **FAIZ ELMADY** received two cashiers checks totaling $ 191,260 purchased by Douglas Parent in exchange for the sale of gold coins.

14.     On or about September 4; 1996, **SUYAPA ELMADY** deposited BankAtlantic cashiers check #61-083453029 in the amount of $91,260 with Douglas Parent listed as the remitter.

15.     On or about September 4, 1996, **FAIZ ELMADY** deposited BankAtlantic cashiers check #61-083453030 in the amount of $ 100,000 with Douglas Parent listed as the remitter.

16.     In or about April of 1997, **CIRO MARTINEZ** took possession of samples of the counterfeit FRN's at the home of **MARIN SPARIOSU**.

17.     On or about September 16, 1997, **MARIN SPARIOSU** instructed **DEBBIE PIEDRA** to assemble a portion of the counterfeit FRN's so that **MARIN SPARIOSU** could show the counterfeit FRN's to a third person.

All in violation of Title 18, United States Code, Section 371.

## COUNT 3

### (INTERSTATE TRANSPORTATION OF STOLEN PROPERTY: 18 U.S.C. § 2314)

In or about May of 1996, the exact dates being unknown to the Grand Jury, at Dade County, in the Southern District of Florida, and elsewhere, the defendants,

8

**MARIN SPARIOSU**
**a/k/a Tony Marin**
**a/k/a Tony Marino**
**a/k/a Tony Gambino,**
**HARRIS SPERBER,**
**NATHAN HALL**
**a/k/a "Junior"**
**a/k/a "J.R.,"**
**FAIZ ELMADY,**
**SUYAPA ELMADY**
**and**
**JON TAMAS,**

did unlawfully transport in interstate commerce from the State of Florida to the State of Virginia and elsewhere, stolen goods, merchandise and money, that is, gold coins, of the value of $5,000 or more, knowing the same to have been stolen, in violation of Title 18, United States Code, Sections 2314 and 2.

## COUNT 4

### (INTERSTATE TRANSPORTATION OF STOLEN PROPERTY: 18 U.S.C. § 2314)

1.     Paragraphs one through eight of the Manner and Means section of Count 2 are realleged and incorporated herein by reference.

2.     In or about July of 1996, the exact date being unknown to the Grand Jury, at Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**MARIN SPARIOSU**
**a/k/a Tony Marin**
**a/k/a Tony Marino**
**a/k/a Tony Gambino,**
**HARRIS SPERBER,**
**NATHAN HALL**
**a/k/a "Junior"**
**a/k/a "J.R."**
**and**
**JON TAMAS,**

9

having devised and intended to devise a scheme and artifice to defraud, and for obtaining money and

property by means of false and fraudulent pretenses, representations and promises, did induce Paul

Haberman and Jonathan Kranzler to travel in interstate transportation, from the State of New York

to the State of Florida, in the execution of a scheme and artifice to defraud them of property having

a value of $5,000 or more, that is, gold coins, in violation of Title 18, United States Code, Sections

2314 and 2.

## FORFEITURE

1.      The allegations contained in Counts 1 and 2 of this Indictment are re-alleged and

incorporated by reference as though fully set forth herein.

2.      The defendants, **MARIN SPARIOSU, HARRIS SPERBER, PAUL HABERMAN,**

**JONATHAN KRANZLER** and **GEORGE VEGA**, upon conviction of violating Title 18, United

States Code, Section 1956 and/or Title 18, United States Code, Section 1957, as alleged in Count

1 above, shall forfeit to the United States any and all property, real and personal, involved in the

offense(s) and any property traceable to such property.

All pursuant to Title 18, United States Code, Section 982(a)(1).

If any of the forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;
    (b)    has been transferred, or sold to, or deposited with a third party;
    (c)    has been placed beyond the jurisdiction of the Court;
    (d)    has been substantially diminished in value; or
    (e)    has been commingled with other property which cannot be subdivided without
           difficulty;

it is the intent of the United States to seek the forfeiture of other property of the defendants up to the

value of the forfeitable property, pursuant to Title 18, United States Code, Section 982(b)(1)(A).

3.     The defendants, **MARIN SPARIOSU, HARRIS SPERBER, FAIZ ELMADY, NATHAN HALL, DEBBIE PIEDRA, CIRO MARTINEZ, SUYAPA ELMADY** and **JON TAMAS**, upon conviction of violating Title 18, United States Code, Section 371, as alleged in Count 2 above, shall forfeit to the United States any material or apparatus used or fitted or intended to be used in the making of such counterfeit, articles, devices or things. Such forfeiture shall include, but is not limited to, one (1) AB-Dick offset printing press machine, model number 9820, serial number 000791.

All pursuant to Title 18, United States Code, Section 492.

A TRUE BILL

_____
FOREPERSON

_____
THOMAS E. SCOTT
UNITED STATES ATTORNEY

_____
ROBERT K. SENIOR
ASSISTANT UNITED STATES ATTORNEY

_____
JUAN ANTONIO GONZALEZ
ASSISTANT UNITED STATES ATTORNEY

11

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**99 - 00366** CR - LENARD

CASE NO. **MAGISTRATE JUDGE**
TURNOFF

UNITED STATES OF AMERICA

v.

MARIN SPARIOSU, et al

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division:** (Select One)

___X___ Miami  _____ Key West
_____ FTL  _____ WPB _____ FTP

New Defendant(s)        Yes _____   No _____
Number of New Defendants   _____
Total number of counts      _____

I do hereby certify that:

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.   Interpreter:       (Yes or No) ___No___
     List language and/or dialect  _____

4.   This case will take __18__ days for the parties to try.

5.   Please check appropriate category and type of offense listed below:
     (Check only one)                              (Check only one)

| | | | | |
|---|---|---|---|---|
| I | 0 to 5 days | _____ | Petty | _____ |
| II | 6 to 10 days | _____ | Minor | _____ |
| III | 11 to 20 days | __X__ | Misdem. | _____ |
| IV | 21 to 60 days | _____ | Felony | __X__ |
| V | 61 days and over | | | |

6.   Has this case been previously filed in this District Court? (Yes or No) _Yes_
If yes:
Judge:          Case No. _____
(Attach copy of dispositive order)

Has a complaint been filed in this matter? (Yes or No) ___No___
If yes:
Magistrate Case No. _____
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of _____
Related Miscellaneous numbers: ___97-807-CR-MIDDLEBROOKS(s)(s)___
Rule 20 from the _____  District of _____

Is this a potential death penalty case? (Yes or No) ___No___

7.   Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? _X_ Yes __ No   If yes, was it pending in the Central Region? __ Yes _X_ No

_____
ROBERT K. SENIOR
ASSISTANT UNITED STATES ATTORNEY
FL BAR NO. 779407

*Penalty Sheet(s) attached

REV.4/7/99

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

99-00366 CR-LENARD

MAGISTRATE JUDGE
TURNOFF

Defendant's Name:   MARIN SPARIOSU                    No.

Count #: 1
            Conspiracy to launder money

            18 U.S.C. § 1956(h)

*Max. Penalty: 20 years imprisonment

Count #: 2
            Conspiracy to counterfeit U.S. currency

            18 U.S.C. § 371

*Max. Penalty:   5  years imprisonment

Count #: 3
            Interstate transportation of stolen property

            18 U.S.C. § 2314

*Max. Penalty: 10  years imprisonment

Count #: 4
            Interstate transportation of stolen property

            18 U.S.C. § 2314

*Max. Penalty: 10 years imprisonment

Count #:


*Max. Penalty:

Count #:


*Max. Penalty:

Count #:


*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

**99-0366 cr - LENARD**

Defendant's Name: __HARRIS SPERBER__          No. __MAGISTRATE JUDGE__
                                                      **TURNOFF**

Count #: 1

Conspiracy to launder money

18 U.S.C. § 1956(h)

*Max. Penalty: 20 years imprisonment

Count #: 2

Conspiracy to counterfeit U.S. currency

18 U.S.C. § 371

*Max. Penalty:  5  years imprisonment

Count #: 3

Interstate transportation of stolen property

18 U.S.C. § 2314

*Max. Penalty: 10  years imprisonment

Count #: 4

Interstate transportation of stolen property

18 U.S.C. § 2314

*Max. Penalty: 10 years imprisonment

Count #:


*Max. Penalty:

Count #:


*Max. Penalty:

Count #:


*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

**99 6 CR - LENARD**

**MAGISTRATE JUDGE TURNOFF**

Defendant's Name: __PAUL HABERMAN__   No. _____

Count #: 1
_____ Conspiracy to launder money

_____ 18 U.S.C. § 1956(h)

**\*Max. Penalty: 20 years imprisonment**
Count #:

_____

**\*Max. Penalty:**
Count #:

_____

**\*Max. Penalty:**
Count #:

_____

**\*Max. Penalty:**
Count #:

_____

**\*Max. Penalty:**
Count #:

_____

**\*Max. Penalty:**
Count #:

_____

**\*Max. Penalty:**
**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**PENALTY SHEET**

99-00366 CR - LENARD

Defendant's Name: JONATHAN KRANZLER          No.

MAGISTRATE JUDGE
TURNOFF

Count #: 1

Conspiracy to launder money

18 U.S.C. § 1956(h)

*Max. Penalty: 20 years imprisonment

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

99 — 00366 CR - LENARD

Defendant's Name:   GEORGE VEGA              No.

MAGISTRATE JUDGE
TURNOFF

Count #: 1
         Conspiracy to launder money

         18 U.S.C. § 1956(h)

*Max. Penalty: 20 years imprisonment
Count #:


*Max. Penalty:
Count #:


*Max. Penalty:
Count #:


*Max. Penalty:
Count #:


*Max. Penalty:
Count #:


*Max. Penalty:
Count #:


*Max. Penalty:
**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

**99 - 00366 CR - LENARD**

Defendant's Name: _NATHAN HALL_____ No._____

MAGISTRATE JUDGE
TURNOFF

Count #: 2

_____Conspiracy to counterfeit U.S. currency_____

_____18 U.S.C. § 371_____

*Max. Penalty: 5 years imprisonment

Count #: 3

_____Interstate transportation of stolen property_____

_____18 U.S.C. § 2314_____

*Max. Penalty: 10 years imprisonment

Count #: 4

_____Interstate transportation of stolen property_____

_____18 U.S.C. § 2314_____

*Max. Penalty: 10 years imprisonment

Count #:

_____

_____

*Max. Penalty:

Count #:

_____

_____

*Max. Penalty:

Count #:

_____

_____

*Max. Penalty:

Count #:

_____

_____

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**99 - 00366** CR - LENARD

Defendant's Name: DEBBIE PIEDRA _____ No. _____ MAGISTRATE JUDGE
TURNOFF

Count #: 2

_____ Conspiracy to counterfeit U.S. currency _____

_____ 18 U.S.C. § 371 _____

*Max. Penalty: 5 years imprisonment

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### 99 - 00366 CR - LENARD
(PENALTY SHEET)

Defendant's Name: ___SUYAPA ELMADY_____   No. _____

MAGISTRATE JUDGE
TURNOFF

Count #: 2
_____Conspiracy to counterfeit U.S. currency_____

_____18 U.S.C. § 371_____

*Max. Penalty: 5 years imprisonment

Count #: 3
_____Interstate transportation of stolen property_____

_____18 U.S.C. § 2314_____

*Max. Penalty: 10  years imprisonment

Count #:

_____

_____

*Max. Penalty:

Count #:

_____

_____

*Max. Penalty:

Count #:

_____

_____

*Max. Penalty:

Count #:

_____

_____

*Max. Penalty:

Count #:

_____

_____

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

99 - 00366 cr - LENARD

Defendant's Name: __FAIZ ELMADY_____ No._____

MAGISTRATE JUDGE
TURNOFF

Count #: 2
_____Conspiracy to counterfeit U.S. currency_____

_____18 U.S.C. § 371_____

*Max. Penalty: 5 years imprisonment

Count #: 3
_____Interstate transportation of stolen property_____

_____18 U.S.C. § 2314_____

*Max. Penalty: 10 years imprisonment

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
PENALTY SHEET

99 - 00366 CR - LENARD

Defendant's Name: __CIRO MARTINEZ__ No. _____

MAGISTRATE JUDGE
TURNOFF

Count #: 2

Conspiracy to counterfeit U.S. currency

18 U.S.C. § 371

*Max. Penalty: 5 years imprisonment

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
## PENAL-TY SHEET

**99 - 00366** CR - LENARD

Defendant's Name:  ___JON TAMAS_____  No. _____

Count #: 2                                                    **MAGISTRATE JUDGE**
_____Conspiracy to counterfeit U.S. currency___          **TURNOFF**

_____18 U.S.C. § 371_____

*Max. Penalty: 5 years imprisonment
Count #: 3
_____Interstate transportation of stolen property_____

_____18 U.S.C. § 2314_____

*Max. Penalty: 10 years imprisonment
Count #: 4
_____Interstate transportation of stolen property_____

_____18 U.S.C. § 2314_____

*Max. Penalty: 10 years imprisonment
Count #:



*Max. Penalty:
Count #:



*Max. Penalty:
Count #:



*Max. Penalty:
Count #:



*Max. Penalty:
**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96